AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>STEPHEN MALONEY BROWN,<br><br><br>*Defendant(s)* | )<br>)<br>) Case No. 16-6361 VALLE<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __08/09/2016__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C., Section 846 | Did knowingly and intentionally attempt to possess with the intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing more than 100 grams of a detectable amount of heroin, In violation of 21 U.S.C. Sections 846 and 841(b)(1)(B). |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Shawn S. Stone, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 08/10/2016

_____
*Judge's signature*

City and state: Fort Lauderdale, Florida

Alicia O. Valle, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Shawn Stone, being duly sworn, hereby depose and state:

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations (HSI). I have been a Special Agent since March 2009. I am assigned to the Assistant Special Agent in Charge, Fort Lauderdale Office in Broward County, Florida. As a Special Agent, I am responsible for investigating violations of federal law relating to immigration and customs enforcement. In my current assignment, I am also responsible for investigations involving the importation and distribution of controlled substances and the possession and concealment of such controlled substances. I have received specialized training in narcotics related investigations. I have been involved in the execution and planning of narcotics related arrests for over thirteen years, including in my current position with HSI for the last seven years. Prior to my employment as a Special Agent, I was employed with the Broward Sheriff's Office as a Deputy Sheriff for approximately six years.

2. I submit this affidavit based upon information known to me personally from the investigation, as well as information obtained from others who have investigated this matter and/or have personal knowledge of the facts herein. This affidavit is being submitted for the limited purpose of establishing probable cause for the arrest of Stephen Maloney BROWN, for attempted possession with intent to distribute more than 100 grams of heroin, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B). Therefore, it does not contain all the information that I am aware of in this investigation. However; no information known to me that would tend to negate probable cause has been withheld from this Affidavit.

3. On or about January 25, 2016, Homeland Security Investigation (HSI) Special Agents (SA's) and Broward County Sheriff's Office (BSO) Detectives began investigating a drug trafficking

organization shipping heroin from India to the United States via mail parcels.

4. An Undercover (UC) law enforcement officer began communicating with an individual (Target 1) believed to be in India. Target 1 asked the UC to provide him with a name, address, and phone number to send a parcel containing heroin. Target 1 wanted the UC to sell the heroin and send back the proceeds from the sale of the heroin. The UC provided Target 1 with the requested information.

5. On or about February 7, 2016, Target 1 provided the UC with tracking # EU476044957IN for a parcel which was sent by Target 1 to the UC.

6. Database checks revealed on February 6, 2016, the parcel with tracking # EU476044957IN was shipped via India Post (EMS Speedpost) from India. India Post (EMS Speedpost) is an international courier service which collaborates with the United States Postal Service.

7. On February 14, 2016, United States Customs and Border Protection (CBP) Officers seized the parcel with tracking number EU476044957IN in Jamaica, New York at the CBP JFK mail branch. CBP Officers conducted an enforcement examination and inspected the express mail shipped from India, including the parcel. The parcel was opened and physically examined by CBP Officers. During physical examination a white powdery substance was found secreted within three tie boxes. The white powder was extracted, and field tested positive for heroin, general narcotic compounds, and opiates.

8. On February 15, 2016, JFK HSI Special Agents shipped the parcel from Jamaica, New York to Fort Lauderdale HSI Special Agents in Fort Lauderdale, Florida. The parcel was received by Fort Lauderdale HSI Special Agents on February 16, 2016.

9. Inside the PARCEL were ties, tie boxes, cufflinks, tie clips and dress shirts. The heroin was extracted and delivered to DEA laboratory for examination on February 17, 2016. The submitted heroin weighed approximately 188.7 grams.

10. The UC contacted Target 1 and told him he successfully received the parcel containing heroin.

11. Since January the UC has been in communication with Target. After several months, the UC indicated to Target 1 he could not sell the heroin and Target 1 said he would send someone to pick up the heroin. During the conversations, Target 1 indicated someone (Target 2) would call the UC to coordinate the pick-up of heroin.

12. On or about July 2016, Target 2 contacted the UC and said another individual (Target 3) would contact him to coordinate the pick-up of heroin.

13. On or about August 7, 2016, Target 2 contacted the UC, and told him he would be sending an unknown individual (Target 3) later identified as Brown to pick-up the heroin from the UC in Fort Lauderdale. Target 2 indicated Brown would be travelling to Fort Lauderdale, Florida arriving on Monday August 8, 2016.

14. On or about August 9, 2016, Target 2 and Target 3 contacted the UC to coordinate the pick-up of the heroin.

15. On August 9, 2016, the UC met with Brown in the Publix Parking lot, located at 1940 Cordova Rd, in Fort Lauderdale, Florida.

16. While Brown was inside the UC vehicle, Target 2 called the UC. The UC placed the call on speakerphone and Brown, the UC and Target 2 discussed that Brown was going to pick up approximately 500 grams of heroin and pay the UC $500.00 for releasing the heroin. The UC

weighed the "sham" heroin packages and confirmed the weight of the packages with Brown.

17. In a post-Miranda interview, Brown admitted that he was sent by Target 2 to pick-up heroin from the UC in Fort Lauderdale. He stated that he arrived in Fort Lauderdale on August 9, 2016 and paid the UC $500.00 for the heroin. He stated that he was instructed to contact Target 2 upon receiving the heroin. Target 2 was going to direct Brown to deliver the heroin to an unknown target in Fort Lauderdale. Brown stated that he was going to be repaid the $500.00 he paid to the UC, and paid $1500.00 in U.S. currency by Target 2.

18. Based upon the foregoing, your affiant respectfully submits that there is probable cause to believe that BROWN did knowingly and willfully attempt to possess with the intent to distribute a controlled substance containing 100 grams or more of a detectable amount of heroin, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B).

FURTHER YOUR AFFIANT SAYETH NAUGHT,

_____
SHAWN E. STONE, SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Sworn to and subscribed before me this
10th day of August, 2016.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE